IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 3:23-cv-1722-DWD |
| KATHY S. HILL, | ) ) ) |
| Respondent.[1] | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at USP Marion, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court now conducts a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[2]

Petitioner was convicted of a wire fraud offense in the United States District Court for the District of Kansas. (Doc. 1, pg. 1). He was sentenced on November 21, 2006. (Doc. 1, pg. 1). Petitioner filed a motion to vacate, set aside, or correct his sentence in the District

---

[1]The Petition was filed against Kathy S. Hill. However, Daniel Sproul is the Warden of USP Marion. "[W]hen the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).

[2]Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

of Kansas under 28 U.S.C. § 2255, which was denied. *See U.S. v. Akers*, No. 4-cr-20089, Docs. 308 & 321 (D. Kan.). Further, Petitioner indicates, on "many da[tes] since 2008," he has filed motions in the United States Courts of Appeal, seeking permission to file second or successive motions that challenge his conviction or sentence under 28 U.S.C. § 2255. (Doc. 1, pg. 4). Each prior motion was denied by the Courts of Appeal. (Doc. 1, pg. 4).

Now, in the Petition, Petitioner challenges the validity of his conviction and sentence under § 2241 because § 2255 was allegedly "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); (Doc. 1, pgs. 4-5). Petitioner submits, "a new rule of statutory interpretation from the Supreme Court of the United States…applies to wire fraud defendants convicted under 18 U.S.C. 1343." (Doc. 1, pg. 2). More specifically, Petitioner invokes *Percoco v. U.S.*, 598 U.S. ----, 143 S. Ct. 1130 (2023) and *Ciminelli v. U.S.*, 598 U.S. ----, 143 S. Ct. 1121 (2023), for the proposition that "the Government must prove not only that wire fraud defendants engaged in deception, but also that money or property was the object of their fraud." (Doc. 1, pgs. 6-7). Petitioner argues the Government did not and could not prove he engaged in deception involving money or property. (Doc. 1, pg. 7). Petitioner also argues, before *Percoco* and *Ciminelli*, the law of the Tenth Circuit foreclosed a presentation of that issue under § 2255. (Doc. 1, pgs. 4, 7).

Under § 2255(a), a prisoner in custody under the sentence of a court established by Congress, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack, may move for

the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the court finds the judgment was rendered without jurisdiction, the sentence was not authorized by law, the sentence is otherwise open to collateral attack, or there was a denial or infringement of the constitutional rights of the prisoner that renders the judgment vulnerable to collateral attack, then the court shall vacate and set aside the judgment and discharge, resentence, grant a new trial for, or correct the sentence of the prisoner, as may appear appropriate in the case. *See id*. § 2255(b).

However, an application for a writ of habeas corpus under § 2241, in behalf of a prisoner who is authorized to apply for relief under § 2255, "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See id*. § 2255(e). Further, a second or successive motion must be certified, as provided under 28 U.S.C. § 2244, by a panel of the appropriate Court of Appeals to contain (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law that is made retroactive to cases on collateral review by the Supreme Court and was previously unavailable. *See id*. § 2255(h).

By its terms, § 2255(h) bars a prisoner from filing a second or successive motion under § 2255 "based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *See id*.; *Jones v. Hendrix*, 599 U.S. ----, 143 S. Ct. 1857, 1863 (2023). For this reason, Petitioner seeks to

proceed under § 2241 by arguing § 2255 was "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). However, in *Jones*, the Supreme Court held the above limitation on second or successive motions in § 2255(h) does not render § 2255 inadequate or ineffective, "such that the prisoner may proceed with his statutory claim under § 2241." *See id.*; *Jones*, 143 S. Ct. at 1863-64. In doing so, the Supreme Court expressly held § 2255(e) did not permit "workaround[s]" or "end-run[s]" to § 2255(h), whereby "§ 2255 was 'inadequate and ineffective' under…[§ 2255(e)]—and…§ 2241 was therefore available—when [§ 2255(h)'s] second-or-successive restrictions barred…relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See Jones*, 143 S. Ct. at 1867-68. Indeed, the Supreme Court stated: "The inability of a prisoner with a statutory claim to satisfy…[§ 2255(h)] does not mean that he can bring his claim in a habeas petition under the [§ 2255(e)] saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *See id*. at 1869, 1876.

Therefore, even assuming *Percoco* and *Ciminelli* stand for the proposition articulated by Petitioner in this case, it is clear that he is still entitled to no habeas relief under § 2241. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle*, 545 U.S. at 663. Petitioner, who filed an initial motion under § 2255 in the sentencing court as well as "many" motions requesting permission from the Courts of Appeal to file a second or successive motion under § 2255(h), invokes those cases based on statutory interpretation arguments that were firmly rejected by the Supreme Court in *Jones*. Accordingly, the Petition is **DISMISSED with prejudice**. Since Petitioner's Motion

and Affidavit to Proceed in the District Court Without Prepaying Fees or Costs (Doc. 2) is incomplete, it is **DENIED**. The Clerk of the Court is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: August 7, 2023

_____
DAVID W. DUGAN
United States District Judge